UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SONNIER                               CIVIL ACTION

VERSUS

CHARLES HONEYCUTT, ET AL.               NO.: 12-292-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion in Limine to Suppress Testimony and Evidence (Doc. 30)**, filed by Derrick Sonnier ("Plaintiff"), seeking an order from this Court excluding testimony regarding Plaintiff's convictions and "any disciplinary action taken against him at any time from the trial of this matter." Defendants Colonel Charles Honeycutt, Major Eric Hinyard, Captain Larry Simon, Lieutenant Clinton Reid, and Lieutenant Robert Rowe (collectively, "Defendants") oppose the motion. (Doc. 37).

Also before the Court is Plaintiff's **Motion in Limine Regarding Comparative Fault (Doc. 31)**, seeking an order from this Court disallowing "any questioning, comments, charges, interrogatories or other mention by Defendants that may in any manner suggests [sic] that Mr. Sonnier may share any comparative fault in this matter." Defendants oppose the motion. (Doc. 38).

Also before the Court is Plaintiff's **Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses (Doc. 32)**, seeking an order from this Court excluding any evidence regarding possible inmate witnesses'

underlying convictions as irrelevant pursuant to Federal Rules of Evidence 104 and 403. Defendants oppose the motion. (Doc. 39). Plaintiff filed a reply memorandum in response to Defendants' opposition. (Doc. 56).

Finally, also before the Court is Defendants' **Motion in Limine to Exclude Certain Testimony of Witnesses (Doc. 58)**, seeking an order from this Court prohibiting testimony by Plaintiff or his witnesses regarding the following:

(1) Any prior civil lawsuits, investigations, grievance complaints, disciplinary infractions, or other complaints made against defendants on occasions unrelated to the November 14, 2011 incident involving [the Plaintiff].

(2) Any testimony relating to any habitual behavior and/or other instances where the defendants have allegedly used excessive/unnecessary force against other inmates on occasions unrelated to the November 14, 2011 incident involving [the Plaintiff].

(3) Any statement either (a) referring to the filing of the [instant motion in limine], its contents, or the ruling of the Court on any item contained herein (b) suggesting or implying that the defendant has moved to exclude proof on particular matter, or (c) that this Court has excluded proof in particular.

*Id.* at pp. 1-2. Plaintiff opposes the motion. (Doc. 64).

I.  **Background**

This is civil rights action brought by Plaintiff Derrick Sonnier, an inmate held in the custody of the Louisiana Department of Corrections at the Louisiana State Penitentiary, against Defendants Colonel Charles Honeycutt, Major Eric Hinyard, Captain Larry Simon, Lieutenant Clinton Reid, and Lieutenant Robert Rowe, pursuant to 42 U.S.C. § 1983. (Doc. 1 at ¶¶ 5-6). Specifically, Plaintiff alleges that Defendants violated his constitutional rights by using implements such

as large rings of brass keys and tactical radios to bludgeon him. (*Id.* at ¶ 9). Plaintiff further alleges that Defendants struck him, including kicking and punching him, which exacted harm. (*Id.*). Plaintiff seeks damages for recovery of all medical and pharmaceutical expenses, pain and suffering, mental and emotional distress, punitive damages, as well as costs and attorney's fees. (*Id.* at ¶¶ 45, 48). Defendants deny all allegations of wrongdoing. (Doc. 51 at p. 3). Defendants further deny that they violated any rights afforded to the plaintiff under federal or state law. (*Id.*).

III. Discussion

    A.    Plaintiff's Motion in Limine to Suppress Testimony and Evidence

In his first motion, Plaintiff seeks to "suppress" testimony or other evidence regarding his own status as a convicted felon, the nature of his convictions, and any disciplinary actions taken against him during his incarceration. (Doc. 30). Defendants oppose the exclusion of evidence regarding Plaintiff's convictions and disciplinary reports. (Doc. 37).

As Defendants highlight, Federal Rule of Evidence ("Rule") 609 permits "attacking a witness's character for truthfulness" through evidence of a criminal conviction for "a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year," subject to the Rule 403 balancing test, or evidence of a criminal conviction for "any crime, regardless of punishment, . . . if the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement." (Doc. 39 at p. 2) (citing Fed. R. Evid.

609(a)(1)-(2)). In either case, the provisions of Rule 609 are subject to the ten-year limitation provided in subdivision (b). Fed. R. Evid. 609(b). Because neither party provided the Court with information concerning the specifics of Plaintiff's convictions that will be presented at trial, the Court is currently unable to ascertain whether his convictions are admissible under Rule 609. Thus, not wanting to preemptively exclude evidence that may not in fact be inadmissible, the Court denies Plaintiff's motion in limine without prejudice. Instead, any attempts to introduce such evidence at trial will be evaluated pursuant to the Federal Rules of Evidence, upon the opposing party's timely objection at trial.

Notwithstanding, although the fact of such convictions may be admissible for impeachment purposes, evidence regarding the circumstances surrounding or underlying the convictions shall be excluded as irrelevant, likely to confuse the jury, and highly prejudicial. Accordingly, such evidence will not be permitted. In addition, as Defendants suggest, Plaintiff is free to request that a cautionary instruction be provided to the jury. *See* Pattern Jury Instructions (Civil), Fifth Circuit, 2.12 (2014) ("In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony. Such a conviction does not necessarily destroy the witness's credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.").

Turning to the disciplinary charges and disciplinary reports related to the events of November 14, 2011, Defendants concede that this Court has previously

excluded disciplinary reports authored by defendant officers as inadmissible hearsay. (Doc. 37 at p. 4) (citing *Johnson v. Cain*, No. 09-0454, 2011 WL 2437608, at *2 (M.D. La. June 17, 2011)).[1] However, Defendants request that in accordance with those prior rulings, they be permitted to testify to their personal observations, to what they were told by Plaintiff, and to the fact that Plaintiff was charged with "Defiance" and "Aggravated Disobedience" on the date in question. (*Id.*). Defendants further request that they be permitted to testify "to matters within their personal knowledge." (*Id.*).

Disciplinary reports are out-of-court statements and, to the extent that they are offered for the truth of the matters asserted therein, constitute inadmissible hearsay under Rules 801(c) and 802. While they may be admissible under an exception to the hearsay rule, the Court cannot make this determination without knowing the contents of the reports. However, the Court agrees with Defendants that they are entitled to testify as to: (1) what they personally observed, pursuant to Rule 602, (2) the fact that Plaintiff was charged with disciplinary violations as a result of the incident in question, and (3) to matters within their personal knowledge, subject to the relevance requirement of Rule 402. Further, Defendants may also be permitted to testify as to what they were told by Plaintiff on the date in

---

[1] The Court notes that although counsel for the Plaintiff never cited *Johnson v. Cain* in her memorandum, nearly a page and a half of her filing has been cut and pasted directly from that ruling. Counsel's indolence is most egregious in that she failed to even change the names of the parties involved to those of the instant case. (*See* Doc. 30-1 at p. 3) ("The disciplinary report in the instant case, authored by defendant Marcus Callahan, suffers from this deficiency and also consists of assertions relative to events not personally witnessed by defendant Callahan . . . ."). Although counsel for the Plaintiff remembered to change the date -- though, bafflingly to a date not matching that of the instant case -- the remainder of her argument was plagiarized verbatim from the *Johnson* opinion.

question, as non-hearsay admissions by party opponent under Rule 801(d)(2), if such statements meet the requirements of that rule.

### B. Plaintiff's Motion in Limine Regarding Comparative Fault

Plaintiff next seeks to exclude "any questioning, comments, charges, interrogatories or other mention by Defendants that may in any manner suggests [sic] that [Plaintiff] may share any comparative fault in this matter . . . ." (Doc. 31 at p. 1). In response, Defendants first contend that Plaintiff's motion is overly broad, and thus will result in the exclusion of otherwise admissible evidence. (Doc. 38 at p. 1). Defendants further argue that testimony concerning Plaintiff's actions before and during the incident forming the basis of this lawsuit is "critical" to making an excessive force determination. (*Id.* at p. 2). The Court agrees.

While Plaintiff is correct that comparative fault may not be used to mitigate damages should Defendants be found liable, the Court finds that Plaintiff's request to exclude all evidence tending to show comparative fault is too broad in that it may exclude otherwise admissible evidence. In *Whitley v. Albers*, 475 U.S. 312 (1986), the United States Supreme Court held that several factors are relevant in determining whether the use of force by prison security is excessive: (1) the need for force; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of injury inflicted"; (4) "the extent of the threat to the safety of staff and inmates"; and (5) "any efforts made to temper the severity of a forceful response." *Id.* at 321. Accordingly, evidence of circumstances surrounding the alleged incident, including both the plaintiff's and the defendant's actions or

6

conduct may be necessary for resolving "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was done] maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). For this reason, Plaintiff's motion is denied.

### C. Plaintiff's Motion in Limine to Suppress Testimony and Evidence Regarding Inmate Witnesses

In his final motion, Plaintiff seeks to "suppress" evidence regarding the fact of any criminal convictions and the nature of the crimes underlying such convictions of any inmate witnesses, "who will not be called as a witness in this matter." (Doc. 32 at p. 1). Because there would be no need for the Court to exclude testimony of non-testifying witnesses, the Court will assume that Plaintiff intended to prohibit testimony of inmate witnesses who *will* testify in this matter at trial.[2] Without citing anything in support of his position, Plaintiff curtly and summarily avers that such information is not relevant to the instant claim, is "too prejudicial and likely to cause distraction and confusion," and thus should be excluded pursuant to Federal Rules of Evidence ("Rule") 104 and 403. (Doc. 32-1 at p. 1). In opposition, Defendants again suggest that Plaintiff's request is overly broad, but also that the Federal Rules of Evidence allow for the admission of such testimony for credibility

---

[2] Indeed, in Plaintiff's memorandum in support of the motion, he indicates that he seeks to suppress evidence related to convictions of inmate witnesses who will be called at trial. (Doc. 32-1 at p. 1). Accordingly, the Court believes this is Plaintiff's intention.

7

purposes.[3] (Doc. 39 at p. 2).

It is interesting that Plaintiff would cite Rule 104, which "does not limit a party's right to introduce before the jury evidence that is *relevant to the weight or credibility of other evidence.*" Fed. R. Evid. 104(e). Additionally, for the reasons already stated, evidence of prior felony convictions and evidence of prior non-felony convictions that involve acts of dishonesty or false statements may be introduced for the limited purpose of impeachment pursuant to Rule 609. Without having the specifics regarding the inmate witnesses' convictions, the Court cannot presently make this assessment, and thus, denies Plaintiff's motion without prejudice. Again, however, should Defendants be permitted to introduce evidence of the witnesses' convictions at trial, evidence regarding the factual details surrounding or underlying the convictions will be excluded as irrelevant and inflammatory.

### D.  Defendants' Motion in Limine to Exclude Certain Testimony of Witnesses

Defendants' motion in limine requests broad exclusion of several categories of evidence, including alleged character evidence and evidence of Defendants' habitual behavior. (Doc. 58). In opposition, Plaintiff asserts that the testimony is relevant and probative in proving a pattern and practice of conduct. (Doc. 64).

The Court finds that Defendants' motion is overbroad and may lead to the

---

[3] Plaintiff filed a reply to Defendants' memorandum in opposition. (Doc. 56). In it, Plaintiff states that he made a discovery request for the master prison files of each of the inmates listed in his Federal Rule of Civil Procedure 26(a) disclosures, but Defendants did not comply with Plaintiff's request on relevance grounds. (*Id.* at 1). Thus, according to Plaintiff, the court should exclude the use of "any information from the master prison file[s] for any purpose including impeachment." (*Id.* at p. 2). Plaintiff is mistaken. If Plaintiff believed he was entitled to the information contained in the master prison files, he could have filed a motion to compel their disclosure, which he failed to do. Moreover, the Court is not satisfied that Plaintiff could not have obtained the records of his own witnesses' adult criminal convictions through other means.

exclusion of otherwise admissible evidence. Though Defendants are certainly correct in their assertion that Rule 404(a)(1) prohibits the introduction of evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with that trait, the same is not true for evidence of habitual behavior. Contrary to Defendants' assertion, evidence of a person's regular response to a particular kind of situation with a specific type of conduct is admissible under Rule 406. Moreover, under Rule 404(b)(2), evidence of prior wrongs or other acts may be admissible for other purposes, such as proving motive. With these principles in mind, the Court denies Defendants' motion without prejudice. The Court will rule on the admissibility of such evidence in line with the Federal Rules of Evidence as it is presented and timely objected to at trial.

## IV. Conclusion

Accordingly, for the reasons stated,

**IT IS ORDERED** that the following motions are **DENIED**:

- Plaintiff's Motion in Limine Regarding Comparative Fault (Doc. 31)
- Plaintiff's Motion in Limine Regarding Inmate Witnesses (Doc. 32)
- Defendants' Motion in Limine to Exclude Certain Testimony of Witnesses (Doc. 58)

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Suppress Testimony and Evidence (Doc. 30) is **GRANTED IN PART** and **DENIED IN PART**.

Baton Rouge, Louisiana, this 14th day of January, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA