UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SONNIER                                    CIVIL ACTION

VERSUS

CHARLES HONEYCUTT, ET AL.                NO.: 12-00292-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendants' **Motion for Leave of Court to File for
Expedited Evidentiary Hearing on the Issue of Administrative Exhaustion
(Doc. 114)**, filed by Colonel Charles Honeycutt, Major Eric Hinyard, Captain Larry
Simon, and Lieutenant Robert Rowe[1] (collectively, "Defendants"), seeking an order
from this Court setting an evidentiary hearing in advance of trial, which is
currently scheduled for February 23, 2015. In opposition, Plaintiff Derrick Sonnier
("Plaintiff") has filed a **Motion to Strike Document 114 (Doc. 115)** as untimely.

As an initial matter, the Court notes that Defendants' motion was filed less
than three weeks before trial in this matter is set to begin, and over one-year after
the passage of the deadline to file dispositive motions. (*See* Doc. 13 at p. 2).
Accordingly, the motion is extraordinarily untimely. Further, Defendants do not
attempt to justify the untimeliness; instead, Defendants simply state that prior

---

[1] The Court assumes that the failure to name Lieutenant Clinton Reid as one of the moving parties
in their motion (*see* Doc. 114 at p. 1) was an oversight as Lt. Reid is the primary subject of
Defendants' failure to exhaust claim. Accordingly, the Court will treat the motion as if filed by all
five defendants.

counsel did not file a motion for summary judgment.[2] (Doc. 114 at p. 2). Indeed, the only time Defendants have addressed the issue of administrative exhaustion was in a brief and conclusory statement in their answer, which was then repeated in their second answer. (Doc. 10 at p. 1) ("The plaintiff has failed to exhaust his administrative remedies as required by law."); (Doc. 25 at p. 1) (same). No dispositive motion was ever filed in this case, and any mention of failure to exhaust administrative remedies is absent from the parties' joint pretrial order (Doc. 51). Further, though Defendant avers that "Plaintiff's ARP does not provide prison officials with a fair opportunity to address his use of force claim against the defendants, Lt. Clinton Reid and Col. Charles Honeycutt," (Doc. 114-1 at p. 5), the Court finds that the two years and nine months since the filing this lawsuit have provided ample notice and opportunity to do so prior to trial. Accordingly, Defendants' motion for leave is denied.

The Court is compelled to note, however, that even assuming that the Court was willing to address the merits of Defendants' motion at this late stage, Defendants' brief is wholly inadequate to permit the Court to do so. As Defendants

---

[2] Defendants cite *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) in support of their position that prior counsel's failure to timely file a summary judgment motion is not dispositive of this action. However, Defendants reliance on *Dillon* is misplaced. In *Dillon*, the United States Court of Appeals for the Fifth Circuit considered at what stage district courts should address exhaustion questions under the Prisoner Litigation Reform Act ("PLRA"). The Fifth Circuit stated: "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits. *If the plaintiff survives summary judgment on exhaustion*, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary." *Dillon*, 594 F.3d at 273 (citations omitted) (emphasis added). Thus, *Dillon* provides guidance only regarding those situations in which exhaustion is properly and timely raised, and does not govern this Court's actions here. Thus, although Defendants' failure to file a timely motion may not be dispositive of their underlying exhaustion claim, it is dispositive of the instant motion for leave to file for an expedited hearing on the eve of trial.

highlight, in asserting administrative exhaustion as an affirmative defense, they bear the burden of demonstrating that a plaintiff has failed to exhaust administrative remedies. *Jones v. Bock*, 549 U.S. 199, 212 (2007). In short, Defendants have failed to meet their burden. As the United States Supreme Court stated in *Jones*, "[t]he PLRA requires exhaustion of 'such administrative remedies as are available,' 42 U.S.C. § 1997e(a), but nothing in the statute imposes a 'name all defendants' requirement." *Id.* at 217. Further, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Here, Defendants assert that they "argued that only the plaintiff's use of excessive force claims against Major Eric Hinyard, Capt. Larry Simon and Lt. Robert Rowe were exhausted." (Doc. 114-1 at p. 4). However, Defendants do not demonstrate when or where this argument was made. Indeed, to the contrary, Defendants only statement regarding exhaustion that "the plaintiff has failed to exhaust his administrative remedies as required by law," seemingly applies to all Defendants. (*See* Docs. 10, 25). Beyond this, there is simply no information regarding which claims were or were not exhausted, nor are there any specifics about the procedure Plaintiff allegedly failed to exhaust. Now, in the instant motion, Defendants request an expedited hearing without providing any analysis relevant to the facts at hand. Moreover, and perhaps most egregiously, Defendants simply presume that the Court will comb through the thirty-nine page exhibit attached to the instant

motion (Doc. 114-2) to assess the motion's merits, which quite simply, the Court is not obligated to do.

Accordingly,

**IT IS ORDERED** that Defendants' motion for leave (Doc. 114) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs motion to strike (Doc. 115) is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this *19th* day of February, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**